United States District Court
Southern District of Texas
**ENTERED**
December 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ANTONIO J VASQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | MISC. ACTION NO. 6:20-MC-9 |
| | § | |
| BUILDING AND STANDARDS COMMISSION, | § § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
IN FORMA PAUPERIS AND MEMORANDUM AND
<u>RECOMMENDATION TO DISMISS CASE</u>**

Plaintiff, proceeding *pro se* filed a complaint (D.E. 1-1) and application to proceed *in forma pauperis (i.f.p.)* (D.E. 1) on December 11, 2020. Plaintiff's *i.f.p.* application action has been referred to the undersigned pursuant to 28 U.S.C. § 636. Plaintiff meets the standard to proceed *i.f.p.* and therefore, the application (D.E. 1) is **GRANTED**. However, because Plaintiff is proceeding *i.f.p.*, Plaintiff's Complaint is subject to an initial screening and frivolity review pursuant to 28 U.S.C. § 1915.

For the reasons set forth below, the undersigned respectfully recommends Plaintiff's complaint (D.E. 1-1) be **DISMISSED** for lack of jurisdiction under Federal Rule of Civil Procedure 12(h)(3) or alternatively under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

## I.    FACTUAL ALLEGATIONS

Plaintiff Antonio J. Vasquez's complaint is filed on a standard fill-in-the-blank employment discrimination form claiming, in boilerplate fashion, jurisdiction under Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. Section 2000e-5. Plaintiff's complaint does not contain any factual allegations to explain the nature of his claims or the jurisdiction of the Court. However, the following information can be determined from the complaint, Plaintiff's *i.f.p.* application, the Court's docket, and consultation with the Clerk of Court. Plaintiff is an individual residing in Victoria, Texas. Defendant is the Building and Standards Commission, an entity of the City of Victoria, Texas (the City). Plaintiff is not attempting to bring an employment discrimination case. Rather, he is seeking to delay or stop the demolition of his residence. Plaintiff's complaint does not include any information about why the home is to be demolished or removed by the City, but he does state, "[t]he house is 70% ready only need 30% more work after house is moved."

## II.    STANDARDS OF REVIEW

The undersigned has granted Plaintiff's application to proceed *i.f.p.* and therefore, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the District Court.[1] That section provides for *sua sponte*

---

[1] Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission,* 301 F.3d 227, 231–33 (5th Cir. 2002)(affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B))

dismissal of a complaint if the Court finds that it (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is legally frivolous under § 1915 when it is based on an "indisputably meritless legal theory." *Id.* at 327.  A court may dismiss a complaint as frivolous if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992).  A claim is factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995)(quoting *Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992)(citations omitted).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculation level.  *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 555 (2007).  Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible."  *Id*.  In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff.  *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993)(citation omitted).  Further, *pro se* pleadings are reviewed under a less

stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to prevent dismissal for failure to state a claim. *Fernandez-Montez*, 987 F.2d at 284. The complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citation omitted). Dismissal is appropriate "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Newsome*, 301 F.3d at 231.

Additionally, federal courts have an independent duty to examine their own subject matter jurisdiction. *Feld Motor Sports, Inc. v. Traxxas, L.P.*, 861 F.3d 591, 595 (5th Cir. 2017). "If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party seeking to invoke the power of the Court bears the burden to establish federal jurisdiction. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012) (citing *Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 270 (5th Cir. 2006)). The Court will not assume it has jurisdiction; "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Chandler v. United States*, 338 F. Supp. 3d 592, 598 (N.D. Tex. 2018) (citing Getty Oil Corp. v. Ins. Co. of N.A., 841 F.2d 1254, 1259 (5th Cir. 1988)).

## III.    ANALYSIS

Plaintiff is suing a municipal entity to stop the demolition of his residence. Ordinarily, two bases exist for subject matter jurisdiction in federal court: federal question jurisdiction and diversity jurisdiction.  Under 28 U.S.C. § 1331, a federal court has federal question jurisdiction over controversies involving questions of federal law. A federal court  has diversity jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000.00 under 28 U.S.C. § 1332.  There is no diversity jurisdiction in this case because all of the parties are residents of Texas.  Federal question diversity is also lacking because Plaintiff has not alleged an applicable federal statute or constitutional principle to confer jurisdiction on this Court.

While a plaintiff can bring a claim for a violation of his federal civil rights under 42 U.S.C. § 1983, that is a bridge too far in this instance.  To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Even applying lenient pleading standards to this *pro se* litigant, Plaintiff's complaint is devoid of any facts to state a claim that is plausible on its face.  Plaintiff has not alleged discrimination based on race, color, sex, religion, or national origin.  He has further not alleged any other violation of his constitutional rights. Additionally, conclusory allegations are

equally inadequate to state a claim, but in this instance, Plaintiff has not even alleged a conclusion that he is entitled to relief.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends Plaintiff's complaint (D.E. 1-1) be **DISMISSED** for lack of jurisdiction under Federal Rule of Civil Procedure 12(h)(3) or alternatively under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Respectfully submitted this 15th day of December 2020.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).